# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SUSANO CARDENAS, JR.

      Petitioner,

vs.                                                                                           No.Civil 97-1011 BB/WWD

RONALD LYTLE, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      1. THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed March 16, 1999 **[docket # 44]**.[1] Petitioner, who is currently incarcerated on convictions of Aggravated Battery with a firearm enhancement and 3rd degree Criminal Sexual Contact, has pending before this Court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented by the Federal Public Defender.

      2. Respondent seeks dismissal based on Rule 9, 28 U.S.C. § 2254 Cases, contending that because the state record has been destroyed, the State is prejudiced in its ability to respond to the claims raised in the petition. An evidentiary hearing was set and then vacated pursuant to the parties' unopposed request to bifurcate this threshold issue from the substantive issues, which was granted. [See docket # 57]. Parties agreed to present the issue to the Court only upon written briefs, without a hearing. However, for the reasons given below, I find that the information submitted in the briefs is insufficient upon which to make a determination and that the Rule 9(a)

---

      [1] Respondent has filed another motion to dismiss, see docket # 25, which I do not address here.

question requires further development at a hearing.

    3.  Petitioner raises two grounds in his amended petition:

(1) Denial of due process when the state used the transcript of the victim's preliminary hearing testimony to secure Petitioner's conviction at trial in CR 85-252. Petitioner contends that the victim was not "unavailable" as required under New Mexico's evidentiary rules;

(2) Ineffective assistance of counsel in CR 85-302 in violation of Petitioner's rights under the Sixth and Fourteenth Amendments when his trial attorney failed to investigate and discover exculpatory evidence and testimony.

Although the motion to dismiss was filed before the petition was amended, the arguments raised in the motion apply equally to the grounds raised in the amended petition, which have also been exhausted in state court. See Amended Ans., Exs. V, AB.

    4.  Petitioner's conviction was entered on March 26, 1986 for CR 85-252, and on May 23, 1986 for CR 85-302. The State has presented documentation showing that all the tapes and tape logs have been destroyed pursuant to a written policy regarding records retention and destruction. Petitioner filed his state habeas on April 3, 1997, and the federal habeas petition on July 31, 1997. Respondent contends that Petitioner's long delay in the filing of his petition, together with the destruction of the state record, has prejudiced it in its ability to adequately respond to the petition.

    5.  Rule 9(a) provides the State with an equitable defense to unjustifiably delayed petitions. See Hannon v. Maschner, 845 F.2d 1553, 1555 (10th Cir. 1998) (citing Bowen v. Murphy, 698 F.2d 381, 383 n.1 (10th Cir. 1983)). Contrary to Respondent's position, however, there is no presumption of prejudice here simply because the delay is over five years. This provision was rejected by Congress when the rule was promulgated. Id. In order to establish adequate grounds for dismissal, the burden is on the State to "make a particularized showing of

prejudice in its ability to respond." Delay is irrelevant unless it is inexcusable and the state can "prove that the delay has prejudiced it in its ability to answer the petition." Id.; see United States v. Gutierrez, 839 F.2d 648, 650-52 (10th Cir.1988).

6. Once the state has proven prejudice, the petitioner must be accorded an opportunity to respond either by disputing the existence of prejudice or by proving "that for some period of the time between his conviction and seeking the writ he could not have had knowledge of the grounds his petition asserts." Id. (citations omitted). If the petitioner successfully demonstrates the latter, the state bears the burden of proving that it has suffered some prejudice after that period.

7. The first ground for relief is based on alleged testimony given by a witness who happened to be the victim in one of the criminal cases. A complete record proper would seem to be indispensable to the State in responding to this claim. There is no record of what this witness' statements were, how their admission was handled at trial, or how they affected Petitioner's defense. Petitioner suggests that other witnesses may still be available, including prosecutors, other attorneys and judges involved in or familiar with the case, from which the State would be able to piece together a responsive position.

8. Respondent does not explain how, other than by the destruction of the tapes and tape logs, it is prejudiced in its ability to respond. It has not presented definitive evidence -- e.g., in the form of affidavits -- that memories or case files are unavailable for that purpose. At present, I find that Respondent simply has not submitted a sufficiently "particularized showing of prejudice in its ability to respond." Because of the considerable possibility that such prejudice does exist given the circumstances here, I conclude that the issue should be determined after a hearing, in fairness to both parties -- to ensure that the State is actually able to adequately respond to the

claims in the petition, while at the same time to allow the Petitioner to have the merits of his claims heard if at all possible.[2]

9. As far as the second ground for relief, based on ineffective assistance of counsel for failure to investigate witnesses and discover exculpatory evidence, a record might be helpful to the government if only to show what witnesses did in fact testify in the way of support for the reasonableness of counsel's conduct. Lack of a record would not normally irreparably impair the State's ability to respond where the testimony of trial counsel is available.

10. Respondent has submitted the affidavit of the assistant attorney general to testify that Petitioner's trial counsel, David L. Hoglund, stated in a joint telephone conference that he was unable to recall any memory of the state court proceedings involving Mr.Cardenas.[3] Although prejudice to the State could be established if counsel had no recollection of or no way of recollecting the events, see Hannon, 845 F.2d at 1555 (inability to locate trial defense attorney would tend to establish specific prejudice to the State in responding to petition), the problem here is that an affidavit by the assistant attorney general does not substitute as a statement of personal knowledge by Mr. Hoglund.

---

[2] In his opposition to Defendant's motion to dismiss, Petitioner claims that he did not begin state and federal habeas corpus challenges to his conviction until 1997 because he was concerned for his safety in prison, since his convictions involved charges of molestation of three young girls. He decided to start the process upon learning about the one-year statute of limitations enacted as part of the recent amendments to the habeas corpus statutes (Antiterrorism and Effective Death Penalty Act). I note that Petitioner does not contend that he did not or could not have had knowledge of the grounds on which his petition was based for a period of time between the time of his conviction and the time he filed his habeas petitions.

[3] Mr. Hoglund is presently incarcerated in the federal prison camp located at Millington, Tenn.

11. For reasons similar to those I have given above related to the first ground, the Rule 9(a) matter will be deferred until after a hearing. As of now, the petition contains only conclusory allegations of witnesses who possess exculpatory evidence, and no evidence as to what that testimony might be. Even assuming that Petitioner could make specific allegations to get past summary dismissal of this claim, the State must still be able to adequately respond. I find that the matter of whether it can respond cannot be determined solely from the parties' briefs.[4] Therefore, a ruling on the Rule 9(a) should be deferred until a hearing is scheduled.[5]

## Recommendation

I recommend that a ruling on Defendant's Motion to Dismiss **[docket # 44]** be deferred at this time and that a hearing should be held on the matter.

UNITED STATES MAGISTRATE JUDGE

---

[4] The record proper that was filed with the Court on December 2, 1998 consists of pleadings related to the proceedings in the three underlying criminal cases. It provides no information which would be helpful to the Rule 9(a) issue.

[5] For the sake of expediency, both the Rule 9(a) issue and the merits of the petition should be heard at the hearing which the Court will set at some later date.