# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

SUSANO CARDENAS, JR.

        Petitioner,

vs.                                No.Civil 97-1011 BB/WWD

RONALD LYTLE, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1.  THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed March 16, 1999 **[docket # 44]**.  Petitioner has filed an  application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is represented by the Federal Public Defender.  He is currently incarcerated on convictions of Aggravated Battery with a firearm enhancement and 3rd degree Criminal Sexual Contact.

2.  Petitioner raises two grounds in his amended petition:

(1)      Denial of due process when the state used the transcript of the victim's preliminary hearing testimony to secure Petitioner's conviction at trial in CR 85-252. Petitioner contends that the victim was not "unavailable" as required under New Mexico's evidentiary rules;

(2)      Ineffective assistance of counsel in CR 85-302 in violation of Petitioner's rights under the Sixth and Fourteenth Amendments when his trial attorney failed to investigate and discover exculpatory evidence and testimony.

3.  Petitioner filed his state habeas on April 3, 1997, and the federal habeas petition on July 31, 1997.  The State presented documentation showing that all the tapes and tape logs have been destroyed pursuant to a written policy regarding records retention and destruction.

Respondent seeks dismissal based on Rule 9, 28 U.S.C. § 2254 Cases, contending that because the state record has been destroyed, the State is prejudiced in its ability to respond to the claims raised in the petition.

4. The Court initially found that the State did not establish adequate grounds for dismissal because it failed to make a "particularized showing of prejudice in its ability to respond" and further found that the Rule 9(a) question required further development at a hearing. [docket # 63, 65].

5. Since then, however, Respondent has submitted to the Court a transcript of the deposition of David L. Hoglund, who represented Petitioner in the criminal proceedings.[1] The transcript indicates that defense counsel's memory of the underlying criminal cases which give rise to Petitioner's claims of ineffective assistance of counsel is sufficient to persuade me that the State is able to respond adequately to the allegations in the petition. I also note that the State has submitted portions of state court proceedings which are relevant to Petitioner's claims.

### Recommendation

The motion to dismiss based on Rule 9(a) should be denied and the petition should be addressed on its merits. A briefing schedule will be entered separately.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Mr. Hoglund is presently incarcerated on bank fraud charges in a federal prison camp in Tennessee, the deposition was conducted by phone.